UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WAYNE MITCHELL,

Petitioner,

v.                                              CAUSE NO.: 3:18-CV-163-JD-MGG

WARDEN,

Respondent.

OPINION AND ORDER

Wayne Mitchell, a prisoner without a lawyer, filed a habeas corpus petition

challenging the disciplinary decision (MCF 17-10-447) at the Miami Correctional Facility

in which a disciplinary hearing officer (DHO) found him guilty of attempted trafficking

and conspiracy in violation of Indiana Department of Correction Offense A-111 and A-

113. Following a disciplinary hearing, Mitchell was sanctioned with a loss of one

hundred twenty days of earned credit time and a demotion in credit class.

Mitchell argues that he is entitled to habeas relief because the hearing officer

lacked sufficient evidence for a finding of guilt. He argues that the conduct report was

too vague to support such a finding because it did not include the details of the

underlying investigation.

> [T]he findings of a prison disciplinary board [need only] have the
> support of some evidence in the record. This is a lenient standard,
> requiring no more than a modicum of evidence. Even meager proof will
> suffice, so long as the record is not so devoid of evidence that the findings
> of the disciplinary board were without support or otherwise arbitrary.
> Although some evidence is not much, it still must point to the accused's

> guilt. It is not our province to assess the comparative weight of the
> evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

Under departmental regulations, conspiracy is defined as attempting or conspiring or aiding and abetting with another to commit any Class A offense. Indiana Department of Correction, Adult Disciplinary Process, http://www.in.gov/idoc/files/ 02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. Trafficking is defined as the knowing or intentional exchange of a controlled substance with anyone who is not an offender residing in the same facility without prior authorization of the person in charge of a penal facility. *Id.*; Ind. Code. 35-44.1-3-5.

The administrative record includes a conduct report stating that the Department of Correction investigated and determined that Mitchell had attempted to traffic synthetic cannabinoids through legal mail purportedly from the "Public Defender of Indiana. ECF 12-1. The administrative record also includes Mitchell's statement he and his wife were merely discussing the insecticide they preferred to use on their garden. ECF 12-4. While the conduct report could have been more detailed, the evidence suggests that Mitchell and his wife discussed in code a plan to send Mitchell synthetic cannabinoids and that they executed this plan by having someone send him a letter with synthetic cannabinoids that appeared as if it came from the public defender's office. Consequently, this evidence points to Mitchell's guilt and constitutes some evidence. Therefore, the claim that the hearing officer lacked sufficient evidence to find him guilty is not a basis for habeas relief.

In his traverse, Mitchell further argues that he was not allowed to test the letter for synthetic cannabinoids and that the conduct report was untimely under departmental guidelines. However, while the right to procedural due process affords prisoners certain enumerated rights for disciplinary proceedings, the right to scientific verification is not included among them. *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974); *White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (warning against adding additional due process protections beyond those provided by *Wolff*). Further, the failure to follow departmental policy does not rise to the level of a constitutional violation. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). Therefore, the arguments in the traverse are not a basis for habeas relief.

Because Mitchell has not presented a valid basis for habeas relief, the petition is denied. If Mitchell wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the petition pursuant to Section 2254 Habeas Corpus Rule 4;

(2) DIRECTS the clerk to enter judgment and to close this case; and

(3) DENIES Wayne Mitchell leave to proceed in forma pauperis on appeal.

SO ORDERED on April 12, 2019

                                                 /s/ JON E. DEGUILIO
                                             JUDGE
                                             UNITED STATES DISTRICT COURT